**RECORD NO. 11-4665**

# In The
# United States Court of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**ROBBIE PAUL HOWELL,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT STATESVILLE**

**REPLY BRIEF OF APPELLANT**

**Henderson Hill**
**Executive Director**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**

**Ann L. Hester**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina 28202**
**(704) 374-0720**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION .................................................................................................1

ARGUMENT .........................................................................................................1

     I.     The Government's Reliance on *Perkins* Is Misplaced, as *Perkins* Illustrates that Shari Gantt's Testimony Was Not Admissible Lay Testimony Under Rule 701 ..........................................1

     II.    The Admission of Gantt's Testimony is not Harmless Under *Perkins* ...................................................................................................5

CONCLUSION ......................................................................................................6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*State v. Brown*,
  836 S.W.2d 530 (Tenn. 1992) ........................................................................4

*United States v. Johnson*,
  617 F.3d 286 (4th Cir. 2010) .........................................................................5

*United States v. Perkins*,
  470 F.3d 150 (4th Cir. 2006) ................................................................*passim*

*United States v. White*,
  492 F.3d 380 (6th Cir. 2007) .........................................................................4

*United States v. Wilson*,
  484 F.3d 267 (4th Cir. 2007) ......................................................................5, 6

## **STATUTE**

18 U.S.C. § 242 ...................................................................................................1

## **RULES**

Fed. R. Evid. 701 ...................................................................................1, 2, 3, 4

Fed. R. Evid. 702 ......................................................................................1, 2, 5

## INTRODUCTION

The government relies on *United States v. Perkins*, 470 F.3d 150 (4th Cir. 2006), to justify its position that nurse Shari Gantt's testimony did not amount to expert testimony under Fed. R. Evid. 702. But to the contrary, *Perkins* illustrates that testimony not based on a witness's first-hand observations, like Gantt's testimony about the cause of Deanna Howell's injuries and the amount of force used to cause them, is not admissible lay opinion testimony under Fed. R. Evid. 701.

## ARGUMENT

I.  **The Government's Reliance on *Perkins* Is Misplaced, as *Perkins* Illustrates that Shari Gantt's Testimony Was Not Admissible Lay Testimony Under Rule 701.**

The government asserts that *Perkins* supports its position because it allowed the lay opinion testimony of two police officers based on a conclusion that this testimony "was based on observations 'common enough and requir[ing] such a limited amount of expertise . . . that they can, indeed, be deemed lay witness opinion[s].'" U.S. Br. at 17. But the government's explanation of *Perkins* is incomplete. *Perkins* also required the police officers' first-hand observation of the events in question, and it supports Howell's, not the government's, position.

In *Perkins*, the defendant police officer was convicted, under 18 U.S.C. § 242, of violating a suspect's constitutional rights by kicking and injuring him

1

during a traffic stop. 470 F.3d at 151. The suspect had resisted arrest by three other officers before Perkins arrived at the scene of the stop, and when Perkins arrived, the other officers had beaten and subdued the suspect. *Id.* at 152. "By the time Perkins arrived, [the arresting officers] believed that [the suspect] was under control, as the bloodied, motionless [suspect] was lying face-down on the ground and was not 'going anywhere.'" *Id.* Nevertheless, without asking any questions, Perkins ran up and "delivered a running kick to [the suspect's] side." *Id.* At trial, Perkins argued that kicking the suspect was reasonable. *Id.* at 153.

Two officers who were eyewitnesses to Perkins's kicking the suspect testified that, in their opinion, kicking the suspect was unnecessary. *Id.* This Court, although calling it "close to crossing the line," held that this was proper lay opinion testimony because "[b]oth officers observed Perkins kick [the suspect] and thus testified based on their contemporaneous perceptions," satisfying "Rule 701's personal knowledge requirement." *Id.* at 156. Because their *in-person* observations of Perkins's attack and their resulting opinions about its justification required a limited amount of expertise, their testimony was admissible lay opinion. *Id.* Indeed, the lack of justification for kicking a bloody, incapacitated person who is lying on the ground is well within the common knowledge of any juror.

But the Court held that the testimony of other officers *who did not witness the attack* "crossed the line between Rules 701 and 702," because "[n]one of those

2

officers observed Perkins's use of force on [the suspect]." *Id.* Their testimony about whether Perkins's use of force was appropriate did "not satisfy Rule 701's personal knowledge requirement." *Id.*

Like the officers who were not present when Perkins attacked the suspect, Gantt was not present when Deanna Howell received the injuries Gantt later observed, and she had no personal knowledge of how they were inflicted or how much force was used when they were inflicted. Instead, as the district court acknowledged, "over 25 years I think you realize a lot of things that are consistent with that kind of experience." JA 116-17. Gantt relied on her experience as a nurse when she testified that Deanna Howell's injuries bore signs of "a brunt of blunt trauma as indicated by the deep, deep bruising," "were consistent with basically being hit to where the skin breaks," "indicated enough blunt force to have split the skin," and were consistent with being struck by an object. JA 107, 109, 114, 117.

The government contends that a juror does not need any specialized training to conclude that Deanna Howell's injuries were caused by blunt force applied with a hard object, U.S. Br. 18, or to be "surprised" that she had no broken bones, U.S. Br. 17. This is incorrect.

As the Court observed in *Perkins*, while an expert witness must have "some specialized knowledge . . . that is not in possession of the jurors," expert testimony

3

does not have to be especially difficult to understand. *Id.* at 155. While Gantt's observations about these injuries likely are within the knowledge of prosecutors, judges, and defense attorneys who repeatedly have seen evidence of similar injuries and have heard expert testimony about them, they are not within the common knowledge of jurors who have no familiarity with such injuries or their likely causes. *See United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007) (citing *State v. Brown*, 836 S.W.2d 530, 550 (Tenn. 1992)) ("a paramedic's testimony that skull trauma caused the bruises on a victim's face" is improper lay testimony because it includes opinions that require specialized skill or expertise). In fact, Gantt's testimony is indistinguishable from testimony frequently elicited from medical experts when describing injuries to victims. *See*, *e.g.*, *Perkins*, 470 F.3d at 154 (suspect's attending physician, who also served as a Government medical expert, testified that likely cause of suspect's injury was "blunt force trauma"). Lay opinion testimony is inadmissible when it is the same as testimony offered by experts. *Id.* at 156 (describing officers' testimony as "similar, if not indistinguishable, from the properly qualified *expert* testimony admitted at Perkins's trial and admitted in other excessive force cases").

*Perkins* establishes that Gantt's testimony was inadmissible under Rule 701 both because Gantt lacked personal knowledge of the cause of Deanna Howell's injuries and because her testimony was based on specialized nursing knowledge.

4

The district court abused its discretion when it allowed Gantt to testify about her opinions regarding Deanna Howell's injuries without being qualified as an expert witness.

## II. The Admission of Gantt's Testimony is not Harmless Under *Perkins*.

The government argues that any error in admitting Gantt's testimony was harmless, because Gantt could have been offered as an expert based on her 25 years' experience as a nurse. G. Br. 19. This is incorrect.

While this Court found harmless error in *Perkins* in part because two of the witnesses who offered impermissible opinion testimony "could have been offered as expert police witnesses in the first instance," 470 F.3d at 156-57, in *United States v. Johnson*, the Court explained that a witness's qualifications as an expert were not enough to determine that the testimony could have qualified as expert opinion testimony under Rule 702. 617 F.3d 286, 293 (4th Cir. 2010). "[I]n addition to having the requisite specialized knowledge, the expert's testimony must 'be the reliable product of reliable principles and methods that are reliably applied to the facts of the case.'" 617 F.3d at 294 (quoting *United States v. Wilson*, 484 F.3d 267 (4th Cir. 2007)). "[T]he government has failed to meet its burden of establishing that the district court would have admitted" Gantt's testimony as expert opinion, because it offered no evidence of the principles and methods used

5

by Gantt to determine how Deanna Howell's injuries were inflicted and the amount of force used to inflict them. *See id.* at 295.

## CONCLUSION

For the reasons stated in this Brief and in Howell's Opening Brief, the Court should vacate Howell's conviction and order a new trial.

This, the 11th day of January, 2012.

>Henderson Hill, Executive Director
>Federal Defenders of
>Western North Carolina, Inc.
>
>/s/ Ann L. Hester
>Ann L. Hester
>Assistant Federal Defender
>129 W. Trade Street, Suite 300
>Charlotte, NC  28202
>(704) 374-0720
>Counsel for Appellant
>Counsel of Record

6

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,260*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: January 11, 2012                                 /s/ Ann L. Hester
                                                        *Counsel for Appellant*

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 11th day of January, 2012, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Amy E. Ray
    OFFICE OF THE U.S. ATTORNEY
    100 Otis Street, Room 233
    Asheville, North Carolina  28801
    (828) 271-4661

    *Counsel for Appellee*

I further certify that on this 11th day of January, 2012, I caused the required number of bound copies of the Reply Brief of Appellant to be hand-filed with the Clerk of the Court.

                                            /s/ Ann L. Hester
                                            *Counsel for Appellant*